i9p2tyuC kjc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

          v.                           15 Cr. 333(LTS)

ANDREI TYURIN,

          Defendant.

------------------------------x        Conference

                                       September 25, 2018
                                       2:10 p.m.

Before:

              HON. LAURA TAYLOR SWAIN,

                                       District Judge



                          APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  EUN YOUNG CHOI
     Assistant United States Attorney


MIEDEL & MYSLIWIEC, LLP
     Attorneys for Defendant
BY:  FLORIAN MIEDEL



ALSO PRESENT:

LIUBOV SHAMSHINA, Russian Interpreter

SPECIAL AGENT MICHAEL DENICOLA, F.B.I.
```

1                 (Case called)

2                 THE DEPUTY CLERK:  This case is United States of

3      America v. Tyurin.

4                 THE COURT:  Counsel.

5                 MS. CHOI:  Good afternoon, your Honor.  Eun Young

6      Choi on behalf of the government.  With me at counsel table is

7      Michael DeNicola, Special Agent with the Federal Bureau of

8      Investigation.

9                 THE COURT:  Good afternoon.

10                AGENT DE NICOLA:  Good afternoon.

11                MR. MIEDEL:  Good afternoon, your Honor.  Florian

12     Miedel for Mr. Tyurin.

13                THE COURT:  Good afternoon, Mr. Miedel; and good

14     afternoon, Mr. Tyurin.

15                Madam Interpreter, you are interpreting today from

16     English to Russian and Russian to English.  Is that correct?

17                THE INTERPRETER:  Correct, your Honor.

18                THE COURT:  Mr. Tyurin, if you have any difficulty

19     hearing through the earphones or understanding the

20     interpretation, please let Mr. Miedel know or raise your hand.

21                Are you understanding everything clearly so far?

22                THE DEFENDANT:  Yes.

23                THE COURT:  Thank you.

24                Ms. Choi, may I have a status report, please?

25                MS. CHOI:  Yes, your Honor.

1          The defendant arrived in the district on September 7
2   and was arraigned and presented to Judge Pitman that day.
3          Since your Honor had set the initial pretrial
4   conference for today, that's what we are here for.
5          No speedy trial time has run since time was excluded
6   by Judge Pitman on that date.
7          The government has produced to the defense its initial
8   discovery production, where it prioritized the evidence with
9   regard to Mr. Tyurin, specifically, attribution evidence that
10  is both in original language, mostly Russian, as well as
11  English translations for counsel.  It was produced pursuant to
12  a proposed protective order that both parties have signed and I
13  believe I handed up to your Honor's deputy earlier today.
14         THE COURT:  Yes.  I have it here.  I have reviewed it,
15  and I am prepared to sign it.  I will do that now.
16         MS. CHOI:  Thank you, your Honor.
17         THE COURT:  And we will enter this on the ECF system.
18         MS. CHOI:  Yes, your Honor.  Thank you so much.
19         THE COURT:  Thank you.
20         MS. CHOI:  Just to give your Honor a sort of overview
21  of the discovery in this case, thus that the court's informed,
22  there are three categories of discovery from the government's
23  view.  The first is what has already been produced to the
24  defense, which is approximately 3,500 pages of written
25  electronic chats between the defendant & Co conspirators that

4
i9p2tyuC kjc

are mainly in Russian and have been translated into English for counsel's review. That is the main crux of the evidence that will be relied on by the government, along with some items that have been isolated from devices that have been seized pursuant to the investigation from other coconspirators that the government would also rely on with regard to attribution and proving that the defendant is part of the conspiracy in the offense charges in the indictment.

The second category of evidence is --

THE COURT: Would you slow down just a little bit?

MS. CHOI: Sure.

The second category of devices are, as I alluded to before, the seized electronic devices that were seized pursuant to other arrests of other defendants in this case, mainly in Israel. Those would probably be about one to two terabytes worth of data. Again, we made efforts to take from there the items that we would rely upon as Rule 16 and produce them in this first sort of wave so that defense counsel needn't wait to review those devices, but we would be producing and making available those devices to defense counsel at some future date.

And then the third category would be data from the victim companies themselves, which would mainly consist of logs from those companies to evidence the fact of the intrusion as well as data regarding the various customers from those companies whose data was stolen. That will be pretty

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  significant. I think it will end up being several terabytes.
2  As one litmus test, victim one in the indictment, the
3  data from them is approximately three to four terabytes alone.
4  We have talked to defense counsel about prioritizing
5  the type of discovery so as to not overwhelm him. I think we
6  have agreed, at least preliminarily, to hold back on producing
7  that data as a copy to see whether or not defense wants a copy
8  to review or is fine with reviewing it by inspection, etc., and
9  that we would work with defense counsel to make sure that, to
10 the extent there were particular items he is interested in, we
11 can provide them to him as opposed to giving him all of the
12 data and asking for him to review it himself, so . . .
13 THE COURT: Is that data in searchable or manipulable
14 form, or is it just a bajillion pages of lists --
15 MS. CHOI: Well, right, printing it, I think, would
16 not make sense. It is in database form for some of it, but it
17 is also not in easily queriable form. So to the extent that we
18 go down that road, meaning if defense counsel consults with the
19 client, decides that is a trial is likely, we would sit down
20 with defense counsel and make sure that he or any experts that
21 he may retain have an understanding of what this data is. We
22 can run queries for them or they can review it. But it doesn't
23 make sense -- I think it doesn't make sense sort of making up
24 programs and code to make that happen until we get a sense of
25 what exactly defense would want from that. So we have not made

1    efforts to produce that in raw data form to the defense as of
2    now.
3            THE COURT:  So I understand that you are prepared to
4    work collaboratively with the defense as the defense formulates
5    its view of its needs for access to the material to be able to
6    do that in an efficient and informative way?
7            MS. CHOI:  Yes, your Honor.  I think that is the only
8    way to go about this, given the size of the data involved.
9            And one other thing I wanted to note for the record,
10   it is not our view that any of the evidence that we have
11   collected to date the defendant himself would have a Fourth
12   Amendment claim to, nor do we intend to introduce any
13   postarrest statements from the defendant, so I don't think that
14   there are sort of those traditional suppression motions that
15   would be at play here.
16           That being said, the defendant and his counsel haven't
17   had the ability to review the discovery -- we have just given
18   it to them today -- so we hope to have an open dialogue with
19   defense counsel to make sure that they have whatever discovery
20   for whatever motions they may be contemplating.
21           THE COURT:  Have you made arrangements for the
22   defendant to have access to this first wave of material and
23   other material that you have produced?
24           MS. CHOI:  Yes, your Honor.  Just so you understand,
25   the protective order is designed to limit the ability of the

1  defense counsel to give to the defendant unredacted versions of
2  the production mainly because a lot of the communications
3  include a lot of individual victims' personal identifying
4  information.  We are undergoing efforts now to redact just a
5  Russian copy of those.  I understood that the defendant can
6  review them in the MCC at his leisure.  As of now -- and
7  defense counsel has agreed to this -- we have given the full
8  copies to defense counsel, and he can obviously review them in
9  the presence of his client, but we are working towards getting
10 the redacted copies shortly.  It is 3,000 pages worth of chats,
11 so it is taking a little bit of time, but we will do it on a
12 rolling basis and hopefully can get that done in the next week
13 or two weeks at most.
14         THE COURT:  What time frame do you project for the
15 entirety of the discovery that you plan to produce in the first
16 and second waves?
17         MS. CHOI:  We think that we could likely get that done
18 in the next two months, if not less.  I think it is that third
19 category, as your Honor seems to understand by the nature of
20 your question, that may be a little bit trickier.  So if
21 defense counsel would like the government to start preparing
22 that data, we will go to the victim companies and make sure we
23 can get that process started to produce that.  But as of now we
24 are sticking with the first two categories of discovery.
25         THE COURT:  I will leave it to Mr. Miedel to get in

1  touch with you as and when he wants to prepare for access to
2  the third category of discovery.
3      Would you make a statement for the record as to victim
4  identification and notification in connection with these
5  proceedings.
6      MS. CHOI:  Yes, your Honor.
7      There are various victim companies that have been --
8  that are alluded to in the indictment.  I think a total of 12.
9  It has been the practice in this case that we are in contact
10  with those victim companies through their counsel.  We made
11  them aware of the fact that Mr. Tyurin was arriving and had
12  been extradited the day of, and we will be communicating with
13  them going forward with regard to any future days.
14      THE COURT:  So you will inform them of court dates as
15  required by the statute.
16      MS. CHOI:  Yes, your Honor.
17      THE COURT:  Very good.
18      Have you and Mr. Miedel discussed an appropriate time
19  frame for the next conference?
20      MS. CHOI:  I think that, given sort of the state of
21  play, three months might be an appropriate period of time, so
22  that we can continue to produce discovery and work through this
23  iterative process with defense counsel, deal with other items.
24  Obviously Mr. Miedel can -- I think that's right.  Mr. Miedel
25  can correct me if I am wrong.

9
i9p2tyuC kjc

1             THE COURT:  It is an opening bid.
2             MS. CHOI:  Three months is the opening bid.
3             THE COURT:  All right.  Thank you, Ms. Choi.
4             Mr. Miedel.
5             MR. MIEDEL:  Your Honor, I'm in agreement with
6    everything Ms. Choi said.  If it becomes clear that we can move
7    more quickly after the review of the first and possibly second
8    tranche of the discovery, I would be happy to contact the court
9    and set up an earlier conference, but I think at this point
10   three months makes sense.
11            THE COURT:  Very good.  So we will set a date three
12   months out.  Should you wish to come back to court earlier, you
13   will just speak with each other and reach out to chambers and
14   we will accommodate you.
15            Ms. Ng, may I have a date about three months out from
16   here.
17            THE DEPUTY CLERK:  Thursday, December 13, 2018, at 2
18   p.m.
19            THE COURT:  Is everyone available on December 13 at
20   2:00?
21            MR. MIEDEL:  I'm actually in White Plains on that day.
22            THE DEPUTY CLERK:  December 11, 2018, that's Tuesday,
23   at 2:00.
24            MS. CHOI:  That works for the government, your Honor.
25            THE COURT:  Very good.  So the next conference will be

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

10
i9p2tyuC kjc

1     on December 11 at 2 in the afternoon.
2              Is there a request for exclusion from speedy trial
3     computations of the time from now until December 11?
4              MS. CHOI:  Yes, your Honor.  The government would move
5     at this time for such an exclusion under the Speedy Trial Act,
6     given the complexity of this case, so as to allow the
7     government to continue to produce items to the defense and for
8     the defense to review those items and for the parties to engage
9     in any preliminary plea negotiations.
10             THE COURT:  Any objections?
11             MR. MIEDEL:  No objection, your Honor.
12             THE COURT:  The request is granted for the reasons
13    summarized by Ms. Choi on the record.  The court finds that the
14    ends of justice served by the granting of an exclusion from
15    speedy trial computations for the period from today's date
16    through December 11, 2018, outweigh the best interests of the
17    public and the defendant in a speedy trial.  Accordingly, the
18    time period is excluded prospectively.
19             Is there anything further that we should take up
20    together this afternoon?
21             MS. CHOI:  Not from the government, your Honor.
22             MR. MIEDEL:  No, your Honor.  Thank you.
23             THE COURT:  Thank you all.  Keep well, and I look
24    forward to seeing you in December.  We are adjourned.
25                              oOo

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300