UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| - against - | ORDER OF <u>JUDICIAL REMOVAL</u> |
| ANDREI TYURIN,<br>A/K/A "ANDREI TIURIN,"<br>A/K/A "ANDREY TYURIN" | S4 15 CR. 333 (LTS)<br>19 CR. 658 (LTS) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Upon the application of the United States of America, by Eun Young Choi, Assistant United States Attorney, Southern District of New York, upon the Factual Allegations in Support of Judicial Removal; upon the consent of ANDREI TYURIN, a/k/a "Andrei Tiurin," a/k/a "Andrey Tyurin," and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.	The defendant is not a citizen or national of the United States.

2.	The defendant is a native of Russia and citizen of Russia.

3.	The defendant was paroled into the United States at New York Stewart International Airport, New Windsor, New York on or about September 7, 2018.

4.	At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, under the following: Conspiracy to Commit Computer Hacking in furtherance of Federal Securities Fraud Crimes, in violation of 18 U.S.C. § 371; Wire Fraud in connection with Obtaining Unauthorized Access to the Computer Networks of Various Companies, in violation of 18 U.S.C. §§ 1342, 2; Conspiracy

to Violate the Unlawful Internet Gambling Enforcement Act, in violation of 18 U.S.C. § 371; Conspiracy to Commit Wire Fraud and Bank Fraud in relation to an unlawful payment processing scheme, in violation of 18 U.S.C. § 1349; and Conspiracy to Commit Wire Fraud in relation to the misappropriation of confidential personal identifying information, in violation of 18 U.S.C. § 1349; Conspiracy to Commit Computer Hacking in furtherance of a criminal act in violation of the Georgia Fraud statute, O.C.G.A. § 16-9-121(a)(1), in violation of 18 U.S.C. § 371.

5. A total maximum sentence of 95 years' imprisonment may be imposed for violations of these offenses.

6. The defendant is, and at sentencing will be, subject to removal from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission, was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA; Section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Russia.

Dated:     New York, New York
           January 7, , 2020

                                        /s/ Laura Taylor Swain
                                      THE HONORABLE LAURA TAYLOR SWAIN
                                      UNITED STATES DISTRICT COURT JUDGE