UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                     -v-                               15-CR-333-LTS

ANDREI TYURIN,

                         Defendant.

MEMORANDUM ORDER

        The Court has received Defendant Andrei Tyurin's motion for modification of his sentence, pursuant to 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 238 (the "Motion")), as well as the Government's opposition thereto (docket entry no. 240 ("Gov. Opp.")).  Mr. Tyurin, a Russian Federation national who is subject to a final order of removal following completion of his sentence, is currently incarcerated at the low-security Oxford Federal Correctional Institution in Wisconsin and has a projected release date of March 3, 2028.  See Find an Inmate, FEDERAL BUREAU OF PRISONS (April 24, 2024), https://www.bop.gov/inmateloc/.

        In an unusual but not unprecedented step, Mr. Tyurin asks the Court to modify, as opposed to reduce, his sentence under the compassionate release statute, by adding a "brief term of supervised release."  (Motion at 1.)  He argues that, because the absence of a term of supervised release unfairly prevents him from applying earned time credits under the First Step Act ("FSA" or the "Act") and therefore deprives him of benefits to which other incarcerated individuals are entitled, the Court should rectify this barrier to access to earned time credits by adding a period of supervised release to his sentence.   The Court has considered carefully the parties' submissions and, for the following reasons, Mr. Tyurin's motion is denied.

BACKGROUND

On September 23, 2019, Mr. Tyurin pleaded guilty to Counts One (conspiracy to commit computer hacking), Two (wire fraud), Eight (Unlawful Internet Gambling Act conspiracy), and Nine (conspiracy to commit wire and bank fraud for unlawful payment processing) of a superseding indictment brought in this District; and Counts One (wire fraud conspiracy) and Five (computer fraud and identity fraud conspiracy) of an indictment brought in the Northern District of Georgia.  (Docket entry no. 109 ("Plea Tr.") at 51-52.)  As the Court explained at length when weighing the factors embodied in 18 U.S.C. section 3553(a) at Mr. Tyurin's sentencing, the defendant's crimes, which involved hacking extensive amounts of customer data from major U.S. companies in aid of other criminal schemes, including securities and bank fraud, were extremely serious.  (Docket entry no. 174 ("Sentc. Tr.") at 32-33, 35.)

On January 7, 2021, the Court sentenced Mr. Tyurin to a below-guidelines term of imprisonment of 144 months, with no term of supervision to follow.  (Docket entry no. 184 ("Amended Judgment").)  The Court also recommended to the Bureau of Prisons ("BOP") that Mr. Tyurin be credited with the time—approximately nine months—that he spent in pre-extradition custody in the Republic of Georgia, where he was arrested in late 2017 in connection with the hacking and wire fraud scheme.  (Id.)

In determining that "a moderate downward variance" from the Sentencing Guidelines range of 188 to 235 months' imprisonment was "necessary to fashion a sentence that is reasonable within the meaning of the law, appropriate, and no greater than necessary to address the statutory purposes of sentencing," the Court considered each of the section 3553(a) factors, including, among others, the seriousness of the offense, the need for specific deterrence, and promotion of respect for the law (noting that Mr. Tyurin worked to conceal and destroy

incriminating evidence after the hack was discovered), as well as several mitigating factors, such

his strong family ties, lack of criminal history, effective cessation of criminal conduct following

his arrest, and the harsh conditions of his confinement both in Tbilisi, Georgia and in American

federal facilities during the COVID-19 pandemic.  (Sentc. Tr. at 32-36.)  The Court did not

impose a term of supervised release to follow the custodial sentence because, in connection with

the sentencing, the parties submitted, and the Court entered, an order of removal.  (Id. at 38; see

also docket entry no. 172 ("Removal Order").)  The Removal Order, under which Mr. Tyurin

"waived the opportunity to pursue any and all forms of relief and protection from removal,"

ordered Mr. Tyurin's "prompt" deportation to Russia upon the conclusion of his imprisonment.

(Removal Order at 2-3.)


DISCUSSION

Mr. Tyurin asks the Court to add a term of supervised release to his sentence,

pursuant to 18 U.S.C. section 3582(c)(1)(A), arguing that, because he was not sentenced to a

term of supervision, the BOP's implementation of the First Step Act's Federal Time Credits

prevents him from enjoying the benefits—early release—of the credits he has earned thus far.

(Motion at 1-2.)  Section 3582(c)(1)(A) provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau of
> Prisons to bring a motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of imprisonment . . .
> after considering the factors set forth in section 3553(a) to the extent that
> they are applicable, if it finds that . . . extraordinary and compelling
> reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 118-41).  The Court thus ordinarily

considers (1) whether the defendant has exhausted his administrative remedies[1], (2) "the factors

set forth in section 3553(a) to the extent they are applicable" and (3), in light of those factors,

whether the defendant's proffered "extraordinary and compelling reasons" for a sentence

reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and

compelling reasons that an imprisoned person might bring before [it] in motions for

compassionate release" in determining whether those reasons warrant a sentence reduction.

United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The only statutory limit" on this

discretion is that "'rehabilitation alone shall not be considered an extraordinary and compelling

reason.'"  Id. at 237-38 (quoting 28 U.S.C. § 994(t)).  "The defendant has the burden to show he

is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F.

Supp. 3d 421, 426 (S.D.N.Y. 2020).

   Here, the addition of a term of supervised release to Mr. Tyurin's existing

sentence, even if it were within the scope of relief authorized under section 3582(c), would be

ineffective to give him the benefit of the time credits through operation of the First Step Act.

That is because the Act itself precludes persons who, like him, are under final orders of removal,

from receiving time credits thereunder.  Congress expressly carved out many categories of

---

[1] As the Government points out, Mr. Tyurin presents no evidence that he has exhausted his administrative remedies, as is required by statute.  (See Gov. Opp. at 6 n.2.)  The Second Circuit has not addressed whether Section 3582(c)'s exhaustion requirement is jurisdictional or whether, as a claim-processing rule, it is subject to equitable considerations in extraordinary circumstances.  See United States v. Herrera, No. 21-CR-750-LJL, 2023 WL 3862695, at *2 n.1 (S.D.N.Y. June 7, 2023) (discussing lack of clarity as to whether the exhaustion requirement is jurisdictional).  The Government does not rest its case on Mr. Tyurin's failure to exhaust, and the Court in any event declines to address whether his failure to exhaust ought to be excused because, as discussed below, the Motion fails on its merits.

incarcerated persons from enjoying the benefits of earned time credits, including those who are the "subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3642(d)(4)(E) (Westlaw through P.L. 118-41). The Court has previously entered such an order, on consent and pursuant to section 238(c) of the Immigration and Nationality Act, 8 U.S.C. § 1228(c), and under which Mr. Tyurin must be removed to Russia "promptly" upon completion of his sentence. (Docket entry no. 172.)

Mr. Tyurin elected not to file a reply and thus did not respond to the Government's argument as to his statutory ineligibility under the Act. In any event, the Court is not aware of any authorities that would displace this straightforward application of the FSA. None of the three out-of-circuit cases to which Mr. Tyurin cites in support of his Motion appears to have involved a final order of removal, and one expressly notes that the defendant was not "subject to a final order of removal." See United States v. Oprea, No. 11-CR-64-1-SM, 2023 WL 6958690, at *1 (D.N.H. Oct. 20, 2023).

Even if the Court could reduce the length of Mr. Tyurin's sentence by a period of time comparable to the reduction that might have been available absent the operation of the order of removal, the Court declines to do so. As explained above, Mr. Tyurin's circumstances are those that Congress intended—indeed, the FSA's ineligibility criteria apply to all incarcerated persons in his position—and thus are not "extraordinary and compelling." See, e.g., United States v. Herrera, No. 21-CR-750-LJL, 2023 WL 3862695, at *2 n.1 (S.D.N.Y. June 7, 2023) (observing that the defendant's "circumstance reflects the ordinary functioning of congressional policy"). Because he has not proffered any other grounds for a sentence reduction apart from his disagreement with the provisions of the FSA, the Court denies Mr. Tyurin's Motion.

Lastly, the Court credits Mr. Tyurin's claims that he has been "a model inmate, without a single disciplinary infraction." (Motion at 3.) That Mr. Tyurin has undertaken available programming and worked to rehabilitate himself and, in so doing, has accumulated roughly a year's worth of earned time credits is certainly a commendable achievement worthy of praise and continued encouragement. At the same time, however, it is not this Court's role to supplant policy choices made by Congress, and which were enacted well before Mr. Tyurin's January 7, 2021, sentencing. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5196.

CONCLUSION

For the foregoing reasons, Mr. Tyurin's motion for modification of his sentence is denied. The Court will contemporaneously enter a form Order on Motion for Sentence Reduction Under 18 U.S.C. section 3582(c)(1)(A), certifying denial of the Motion.

SO ORDERED.

Dated: June 27, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge